IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD L. KEMPER, on behalf of himself and others similarly situated,

Plaintiff,

v.

FOLSOM CORDOVA UNIFIED SCHOOL DISTRICT,

Defendant.

2:08-cv-02777-GEB-DAD

ORDER*

On February 20, 2009 Defendant filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6), arguing essentially that Plaintiff failed to allege an element essential to the viability of each of his claims; specifically, that Defendant offered Plaintiff a "program, service, or activity," for which Plaintiff was eligible but denied because of his disability. Plaintiff opposes the motion. For the reasons stated below, the motion is granted.

BACKGROUND

Plaintiff alleges in his FAC that he seeks relief on behalf of himself and "all persons with mobility disabilities who have been denied the right to full and equal access to, and use and enjoyment

* This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

of, the facilities, programs, services, and activities provided by Defendant" at three public schools and Defendant's administrative offices. (FAC ¶ 9). Plaintiff further alleges that Defendant violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, ("Title II"), by denying him "the full, equal, and meaningful use . . . of the public schools, public buildings, public parking, and public rights of way as a whole." (FAC ¶¶ 18, 26-27.) Plaintiff seeks an order requiring Defendant to "make all appropriate modifications" for disabled persons, "create a new ADA Transition Plan," "[remove] all architectural barriers that pose safety hazards" and develop and implement "an emergency evacuation plan." (FAC ¶ 57; Prayer for Relief.).

Plaintiff's Title II allegations are also the basis of Plaintiff's claim alleged under section 504 of the federal Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et seq. ("Rehab Act"); Plaintiff's claim alleged under California Government Code section 11135 ("Cal. Gov't Code") (FAC ¶¶ 4, 31-32, 39.); and Plaintiff's claims alleged under the California Disabled Persons Act, Cal. Civ. Code § 54, et seq. ("DPA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. ("Unruh Act"). (FAC ¶¶ 44, 50.)

Plaintiff alleges in the FAC during the 2007-2008 school year he "made daily trips in his motorized wheelchair to Gold Ridge Elementary School and Folsom Middle School," and "accompanies his step-children to and from Folsom High School on a daily basis in his motorized wheelchair." (FAC ¶¶ 7A, 16.) Plaintiff alleges when "visiting or attempt[ing] to visit . . . [these schools] and [Defendant's] administrative offices," Plaintiff "encounter[s] a number of architectural barriers . . . . " (FAC ¶¶ 7A; 19.) These

"barriers include, inter alia, dangerous and inaccessible sidewalks, inaccessible buildings, inaccessible paths of travel within and between buildings, inaccessible or non-existent parking for persons with disabilities, inaccessible classrooms, inaccessible doorways within buildings, inadequate signage, excessive door pressure in buildings, inaccessible or inadequate restrooms within buildings, and inadequate evacuation plans for the mobility impaired." (FAC ¶ 1.) Plaintiff further alleges Defendant knows about the architectural barriers he has experienced since reports from 2001 and 2002 concerning Defendant's failure to comply with state and federal regulations "evidence literally hundreds of violations of the ADA Accessibility Guidelines and California Building Code, including many of the barriers encountered by Plaintiff." (FAC ¶ 20.)

STANDARD

Rule 12(b)(6) dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . " Bell Atlantic Corp. v. Twombly,550 U.S. 544, 558(2007)(citation omitted). The Complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

DISCUSSION

Defendant argues Plaintiff's FAC should be dismissed because Plaintiff has not alleged elements prescribed in both the Title II and the Rehab Acts that he is a "qualified individual" who was denied the opportunity to participate in a program, service or activity offered by Defendant to the public because of his alleged disability. (Def.'s Mot. 2:10-13.) Title II prescribes "[a] public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by

individuals with disabilities." 28 C.F.R. § 35.150. The language in Title II, however, limits the protection provided in the Act to "qualified individuals," as the following pertinent part of Title II shows:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. A "'qualified individual with a disability'" is "an individual with a disability who . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." U.S. v. Georgia, 546 U.S. 151, 153-154 (2006) (citing 42 U.S.C. § 12131(2)) (emphasis added). To state a claim under Title II, a plaintiff must allege: "(1) he is *a "qualified individual* with disability;" (2) he was either excluded from participation in or denied benefits of a public entity's *services, programs or activities* or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability*. Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (first emphasis added)(internal citation omitted).

Section 504 of the Rehab Act also concerns whether a "*qualified individual* with a disability . . . solely by reason of her or his disability, [is] excluded from the participation in, . . . denied the benefits of, or . . . subjected to discrimination under *any program or activity* receiving Federal financial assistance." 29 U.S.C. § 794(a)(emphasis added). "A plaintiff bringing suit under § 504 [of the Rehab Act] must [allege](1) he is an individual with a disability; (2) he is otherwise *qualified to receive the benefits of the program*; (3) he

was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)(emphasis added)(internal citation omitted); Martin v. California Dep't of Veteran Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009)(finding Plaintiff was "otherwise qualified" for veterans' home's services within meaning of the [ADA] and [Rehab] Act because the veteran met the eligibility requirements of California Military & Veterans Code).

Similarly, consideration of Cal. Gov't Code 11135(a) reveals what Plaintiff must allege. The pertinent part of this statute follows:

> (a) No person in the State of California shall, on the basis of . . . disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, *any program or activity* that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state . . . .

(emphasis added). Thus, the language of this California statute and Title II and the Rehab Act reveal to state a claim Plaintiff must allege he was qualified or eligible to participate in and receive the benefits of a program, service, and activity, but was denied the opportunity to receive the benefits of program, service, or activity because of proscribed discrimination. Since Plaintiff has failed to allege a specific "service," "program," or "activity" for which he was eligible and denied because of proscribed discrimination, Plaintiff's claims under Title II, the Rehab Act, and the Cal. Gov't Code are dismissed. Plaintiff's DPA and Unruh claims are also dismissed since these claims are dependent on Plaintiff having a viable Title II claim.

Since Plaintiff requested leave to amend his FAC if Defendant prevailed on its dismissal motion, that issue is reached. Leave to amend should be given freely when "justice so requires." FED. R. CIV. P.

15(a)(2). Since reason has not been provided to deny Plaintiff's request, Plaintiff has leave to file an amended complaint within ten days of the date on which this order is filed.

Dated: September 24, 2009

GARLAND E. BURRELL, JR.
United States District Judge