IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. KEMPER, </br></br>  Plaintiff, </br></br> v. </br></br> FOLSOM CORDOVA UNIFIED SCHOOL DISTRICT, a public entity, </br></br>  Defendant. | 2:08-cv-02777-GEB-DAD </br></br> ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

Defendant moves for an order dismissing with prejudice Plaintiff's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and striking Plaintiff's request for a self-evaluation plan and for punitive damages under Rule 12(f). Plaintiff argues the motion was not timely filed, but fails to show it is untimely.

### I.  LEGAL STANDARDS

When deciding a Rule 12(b)(6) dismissal motion, the Court must "accept[] as true all facts alleged in the complaint, and draw[] all reasonable inferences in favor of the plaintiff." al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). Factual allegations are required to be sufficient to state a claim.  However, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient

facts under a cognizable legal theory." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

Defendant attaches to its motion Plaintiff's "Claim for Damages," which was submitted to Defendant on September 9, 2008, and concerns alleged architectural barriers at Folsom Middle School, Gold Ridge Elementary School, Sutter Middle School, and the Folsom Cordova Unified School District ("FCUSD") administrative offices. (Def's Ex. A). Plaintiff references this document in the SAC, where he alleges he "has complied with the California Government Claims Act" by submitting a Claim for Damages and that this claim "was rejected by operation of law on October 23, 2008." (SAC ¶¶ 40, 47.)

Generally, when deciding a dismissal motion only the complaint is considered. <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005)(internal citations and quotations omitted). However, the incorporation by reference doctrine allows the Court to consider "documents, whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Since the authenticity of the "Claim for Damages" attached to Defendant's motion is not disputed and this document is referenced in the SAC, it is considered under the incorporation by reference doctrine. Considering this document does not convert the dismissal motion into a motion for summary judgment. <u>Id.</u>

Further, Rule 12(f) provides in relevant part that "[t]he Court may strike from a pleading any insufficient . . . matter." Fed. R. Civ. P. 12(f).

## II.   FACTUAL ALLEGATIONS

Plaintiff alleges federal claims against Defendant under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 ("Title II"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and state claims under the California Government Code § 11135, the Disabled Persons Act, Cal. Civ. Code § 54 ("DPA"), and the Unruh California Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act").  Specifically, Plaintiff alleges that because of architectural barriers he encountered at Defendant's public schools, campuses, facilities, public buildings, and in public rights of way, he has been denied "the full, equal, and meaningful use," of Defendant's facilities offered to the public as a program, service, or activity on the basis of his disability.  (Id. ¶¶ 30, 31, 35, 36, 41, 42.)  Plaintiff also alleges he has been denied the benefit of the following specific "programs, services, and activities" Defendant offered: "Back to School Night, choir performances, Open House, parent-teacher conferences, sporting events and related public functions," and the invitation, as a step-parent, "to enter [Defendant's] school campuses to drop off and pick up [his] school-age children." (Id. ¶¶ 14, 22.)

Plaintiff seeks declaratory and injunctive relief under federal and state law, and statutory and compensatory damages under the DPA and the Unruh Act.  Plaintiff's Prayer for Relief includes the equitable request that Defendant be enjoined "to develop plans and implement all actions necessary to bring [Defendant] into full compliance with the requirements of Title II . . . [and] Section 504 . . . " (SAC Prayer for Relief.)

### III. DISCUSSION

Since Defendant has not provided clear authority justifying its motion to dismiss several of Plaintiff's claims, that portion of the motion is denied without further discussion.

Defendant's argument that its motion should be granted because Plaintiff did not request an accommodation has not been shown applicable to any of Plaintiff's claims. Therefore, this portion of Defendant's dismissal motion is also denied.

However, Defendant's argument that Plaintiff did not exhaust applicable administrative remedies under California Government Code Section 901 for "all claims for money or damages against a local public entity" has merit. (Mot. 4:12-14.) Specifically, Defendant argues Plaintiff's "Claim for Damages," which Defendant received in September 2008 only concerns Folsom High School, Folsom Middle School, Gold Ridge Elementary School, Sutter Middle School, and the FCUSD administrative offices. (Id. 4:4-5:3.) Defendant argues consequently the incidents Plaintiff alleges to have occurred after September 2008 are barred, and Plaintiff cannot seek damages for the following: the Back to School Night in August 2009, the choir performance at CSU Sacramento in March 2009 and new claims involving Vista Del Lago High School. (Id.)

Plaintiff does not dispute Defendant's position. Therefore, these damage claims are dismissed since Plaintiff failed to exhaust administrative remedies applicable to these claims.

Defendant also argues Plaintiff's claim under Title II, in which Plaintiff seeks to enforce a "Self-Evaluation Plan" under 28 C.F.R. 35.105 or a "Transition Plan" under 28 C.F.R. 35.150(d), should be stricken because there is no private cause of action under these

regulations. (Mot. 6:26-8:19.)  Plaintiff counters he is not asserting a private right of action to enforce a "Self-Evaluation Plan" or "Transition Plan" under Title II. (Opp'n 15:4-11.)  Therefore, the words in the SAC "to develop plans" are stricken from Plaintiff's Prayer for Relief.

Defendant also seeks to have stricken Plaintiff's request for exemplary or punitive damages under the DPA and Unruh Act.  Since a public entity is not liable for punitive damages, Defendant's motion to strike is granted. See CAL. GOV'T CODE § 818 (stating a public entity is not liable for punitive damages).

### V.   Leave to Amend

Since the portions of Plaintiff's SAC that were dismissed have not been shown likely to be remedied with further factual allegations, Plaintiff is not granted leave to amend. Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008)(stating leave to amend could be denied if "a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

### VI.   CONCLUSION

For the stated reasons, Defendant's motion to dismiss is granted and denied in part, and Defendant's motion to strike is granted.

Dated:  March 29, 2010

GARLAND E. BURRELL, JR.
United States District Judge